

U.S. Department of Justice

*John C. Gurganus*
*Acting United States Attorney*
*Middle District of Pennsylvania*

Website: www.justice.gov/usao/pam/
Email: usapam.contact@usdoj.gov

| | | |
|---|---|---|
| *William J. Nealon Federal Building*<br>*235 N. Washington Avenue, Suite 311*<br>*P.O. Box 309*<br>*Scranton, PA  18503-0309*<br>*(570) 348-2800*<br>*FAX (570) 348-2037/348-2830*<br>*TTY (570) 341-2077* | *Sylvia H. Rambo United States Courthouse*<br>*1501 N. 6th Street*<br>*Box 202*<br>*Harrisburg, PA  17102*<br>*(717) 221-4482*<br>*FAX (717) 221-4493/221-2246*<br>*TTY (717) 221-4452* | *Herman T. Schneebeli Federal Building*<br>*240 West Third Street, Suite 316*<br>*Williamsport, PA  17701-6465*<br>*(570) 326-1935*<br>*FAX (570) 326-7916*<br>*TTY (570) 326-9843* |

September 23, 2025

<u>Via ECF</u>

The Honorable Matthew W. Brann
Chief United States District Judge
Middle District of Pennsylvania
240 West Third Street
Williamsport, PA 17701

     Re:    <u>United States v. Max Vance, a/k/a, Andre J. Burk</u>
               <u>(4:24-CR-00015)</u>

Dear Chief Judge Brann:

     Defendant Max Vance has made more filings in his *pro se* capacity amounting to another motion for temporary release from detention under 18 U.S.C. § 3142(i). Please accept this letter in lieu of a more formal brief in opposition.

     This Court denied Vance's previous motion for release under that section on August 26, 2025, finding Vance had not presented a "compelling reason" for temporary release. (Doc. 80). In this motion, Vance advances substantially the same reasons for release. The Government opposes his motion and believes Vance should be detained pending trial for the reasons proffered at the last detention hearing in this case.

     As to Vance's medical conditions, he asserts he is suffering from symptoms of what he fears may be related to a history of colon cancer in his family, subject to poor air quality with "contaminated particles" in "some areas" of the prison, and suffering from vision decline. (Doc. 82 at 5–7). In support, Vance attached two exhibits related to his medical needs in the prison. (Doc. 85 at 1–2). The first exhibit is entitled "Request for Sick Call" and contains a request from Vance on September 20, 2024, for a colonoscopy. The record notes Vance was seen by a nurse via a "sick

call," and that the "request has not been responded to as of this printing." The printing date is September 21, 2024, which suggests his colonoscopy request was not responded to within twenty-four hours of the request. It is not clear from the exhibit, however, whether the request was ever responded to or what was discussed with the nurse on the sick call that day.

The second exhibit appears to be a record of Vance's requests to health services over the telephone on October 14 and 16, 2024, for a daily vitamin and a calcium supplement. (Doc. 85 at 2). It appears from the exhibit that a health provider within the prison provided the requested supplements, according to the "provider giving orders" entries.

Vance's aversions in his filings regarding his medical needs and ostensibly supporting exhibits do not meet the exacting standards required for temporary release from detention. As this Court noted in its last order denying release, "the few courts that have ordered temporary release based on the existence of a compelling reason have done so because the defendant suffered from a terminal illness or serious injury." (Doc. 80 at 2) (collecting cases). Vance has not demonstrated his medical needs are not being adequately addressed in the prison, nor that his medical needs require immediate release from prison.

With regard to preparing a defense in this case, Vance complains generally of prison policies allegedly prejudicing his defense. When distilled to its specific allegations, Vance's motion alleges the prison phone system does not connect "to the phone systems at many legal offices." (Doc. 82 at 2). In addition, Vance complains his legal documents are being spied on, and that a lack of prison resources prevents him from using a notary service and from creating "affidavits" to "confer power of attorney upon people who are not in prison." (Doc. 82 at 4).

The Government, candidly, is not aware of any technological impediment inherent in the prison phone system that prohibits Vance from contacting any phone line, law office or not. Vance has made numerous phone calls outside the prison on a near-daily basis without incident. The Government cannot speak to any legal phone calls, as it does not have access to those, but it is not aware of any issues with the prison's phone systems. More importantly, Vance has not connected his alleged issues with calls with his need to prepare a defense. Vance has competent standby counsel who can aid him with legal issues, and the Government is not aware of, nor does Vance allege, any impediments to contacting standby counsel.

In support of his allegation that his legal documents are being "spied on," Vance attaches two exhibits. (Doc. 85 at 3–4). The first exhibit is a response to Vance's internal inquiry confirming inmates are not required to be present for a search of their cell by prison staff. The Government does not deny inmates are subject to the search of their cells for the purpose of safety and security in the

prison, the need for which is self-evident. In addition, Vance does not allege that his cell has been searched, nor does he explain how a search would prejudice his defense.

The second exhibit appears to be a copy of prison policy noting that all documents submitted for photocopying may be inspected by prison staff "for safety and security, potential copyright violation, or violations of prison policy." Vance, however, does not allege that any of his legal documents have been "spied on" by prison staff. He simply cites a prison policy. Nor does Vance explain how this policy prejudices his defense warranting the extreme sanction of immediate release from prison.

Finally, regarding Vance's complaint of the lack of a notary in the prison, it is not clear how this prejudices his defense or why Vance would need to confer power of attorney "upon people who are not in prison." In sum, Vance's vague allegations do not meet his burden to "demonstrate pretrial release is necessary and not simply helpful, preferable, or even ideal for a defendant's trial preparations." *United States v. LaForte*, No. CR 23-198-1, 2023 WL 8701301, at *5 (E.D. Pa. Dec. 15, 2023) (cleaned up).

Accordingly, the Government opposes Vance's motion for temporary release. The Government does not oppose Vance's request to file a supplemental brief to "further expand on these sensitive topics." (Doc. 84).

        Sincerely,

        JOHN C. GURGANUS
        Acting United States Attorney

By:  */s/ Kyle A. Moreno*
      KYLE A. MORENO
      Assistant United States Attorney

Cc: Max Vance, *Pro Se*
(Mailed to the inmate at Lycoming County Prison)