UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | No. 4:24-CR-00015 |
| v. | : | |
| | : | (Chief Judge Brann) |
| MAX VANCE | : | |
| a/k/a ANDRE J. BURK, | : | Electronically filed |
| | : | |
| Defendant. | : | |

# GOVERNMENT'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS

The United States, through undersigned counsel, opposes the defendant's motion to suppress "all evidence obtained during the execution of the January 2024 search warrant." (Docs. 99, 100). The defendant has not met his burden of showing the search was conducted in violation of the Fourth Amendment. Thus, the United States respectfully requests the Court deny the motion.

On January 18, 2024, special agents of the Federal Bureau of Investigation executed searches of the defendant's residence, vehicle, and person pursuant to three search warrants authorized by a Magistrate Judge in the Southern District of California, where the

defendant lived at the time.[1] The warrants were supported by the same affidavit sworn to by FBI Special Agent Bradley Swartzlander on January 17, 2024.[2] The warrant affidavit was 36 pages long and set forth in detail the facts supporting probable cause that the defendant violated 18 U.S.C. § 1030 and the offense's connection to the defendant's residence, vehicle, and person.

The Fourth Amendment to the United States Constitution provides that

> [t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV. A search is reasonable if it is conducted pursuant to a valid warrant. A warrant presented to a neutral and detached magistrate judge is valid if there is probable cause supporting it and it particularly describes the place to be searched and things to be

---

[1] *See* Government Exhibits 1 (Residence Warrant), 2 (Vehicle Warrant), 3 (Person Warrant).
[2] *See* Government Exhibit 4 (Swartzlander Affidavit).

seized. *See United States v. Fattah*, 858 F.3d 801, 819 (3d Cir. 2017); *United States v. Tracey*, 597 F.3d 140, 146 (3d Cir. 2010).

When reviewing the validity of a search warrant, "the task of the reviewing court is not to conduct a *de novo* determination of probable cause." *Massachusetts v. Upton*, 466 U.S. 727, 728 (1984). And the reviewing court "need not determine that probable cause actually existed[.]" *United States v. Hodge*, 246 F.3d 301, 305 (3d Cir. 2001). Rather, the Court must decide whether the issuing magistrate had "a 'substantial basis' for finding probable cause." *Id.* (quoting *United States v. Jones*, 994 F.2d 1051, 1054 (3d Cir. 1993)). Courts "give great deference to the magistrate judge's probable cause determination." *Id.* (citations omitted). If a substantial basis exists to support the probable cause finding, the reviewing court must uphold that finding even if it or a "different magistrate judge might have found the affidavit insufficient to support a warrant." *See United States v. Gillard*, No. 23-CR-00026-2, 2024 WL 263929, at *7 (E.D. Pa. Jan. 24, 2024) (quoting *United States v. Conley*, 4 F.3d 1200, 1205 (3d Cir. 1993)).

Importantly, "the burden of proof is on the defendant who seeks to suppress evidence." *United States v. Johnson*, 63 F. 3d 242, 245 (3d Cir.

3

1995). Only "once the defendant has established a basis for [their] motion, *i.e.*, the search or seizure was conducted without a warrant, the burden shifts to the government," *id.*, where it needs to show by a preponderance of the evidence "that each individual act constituting a search or seizure under the Fourth Amendment was reasonable." *Gillard*, 2024 WL 263929, at *7 (quoting *United States v. Ritter*, 416 F.3d 256, 261 (3d Cir. 2005)).

Here, the January 2024 search was conducted pursuant to three warrants issued by a Magistrate Judge, and the defendant has not otherwise established a non-conclusory basis for his motion to suppress. Accordingly, the burden remains on the defendant to show a Fourth Amendment violation, which he has not done.

The warrants were presented to a neutral and detached Magistrate Judge in the Southern District of California, and the warrants meet the probable cause and particularity requirements. The warrant affidavit sets forth in detail the facts showing probable cause that the defendant accessed Geisinger's servers without authorization around November 2023. Ex. 4. The affidavit further sets forth in detail the facts linking this crime to the defendant's residence in Southern

4

California, his vehicle, and his person. *Id.* The affidavit further sets forth the special agent's knowledge, training, and expertise regarding computer crime and electronic and other evidence, linking the probable cause to the particularized lists of things to be seized in Attachments B. *Id.* Moreover, each warrant particularly describes the places to be searched (the residence, vehicle, and person) and includes an itemized list of evidence to be seized in Attachments B. The lists of things to be seized are further limited by timeframe and the statute the defendant violated.

The defendant's motion does not identify what specific law enforcement conduct is being challenged, which makes it difficult to formulate a meaningful response. In any event, the search was conducted pursuant to three warrants that complied the Fourth Amendment.[3]

---

[3] Though the defendant has not met his burden, and the warrants complied with the Fourth Amendment, in order to preserve the argument, the United States asserts that even if the warrants were somehow invalidated at a later date, law enforcement's good faith reliance on the facially valid warrants precludes exclusion of evidence seized pursuant to the warrants. *See United States v. Leon*, 468 U.S. 897 (1984).

Therefore, the Court should deny the motion.

Date: December 29, 2025

Respectfully submitted,

BRIAN D. MILLER
Acting United States Attorney

By: */s/ Kyle A. Moreno*
KYLE A. MORENO
Assistant United States Attorney
William J. Nealon Federal Bldg.
235 North Washington Ave., Ste. 311
Scranton, Pennsylvania 18503
T: (570) 348-2800
F: (570) 348-2037
kyle.moreno@usdoj.gov
Attorney ID PA 333669

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers. On December 29, 2025, she served a copy of the enclosed:

**GOVERNMENT'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS**

via First Class Mail upon:

>Max Vance
>Inmate # 0011396
>Lycoming Count Prison
>PO Box 247
>Phoenix, MD  21131

>/s/ Stephanie Kakareka
>STEPHANIE KAKAREKA
>Legal Administrative Specialist