UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 4:24-CR-00015 |
| v. | : | |
| | : | (Chief Judge Brann) |
| MAX VANCE | : | |
| a/k/a ANDRE J. BURK, | : | |
| Defendant. | : | |

## SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES:

### COUNT 1
18 U.S.C. § 1030(a)(2)
(Obtaining Information from Protected Computer)

On or about November 29, 2023, within the Middle District of

Pennsylvania and elsewhere, the defendant,

### MAX VANCE
### a/k/a ANDRE J. BURK,

intentionally accessed a computer without authorization and exceeded

authorized access to a computer, and thereby obtained information from

a protected computer, and the offense was committed in furtherance of

a criminal and tortious act in violation of the laws of the

Commonwealth of Pennsylvania, that is, Unlawful Duplication, in

violation of Title 18, Pennsylvania Consolidated Statutes Annotated,

Sections 7614(a) and (b)(2), and the value of the information obtained exceeded $5,000.

In violation of Title 18, United States Code, Sections 1030(a)(2), (c)(2)(B)(ii), and (iii).

THE GRAND JURY FURTHER CHARGES:

## COUNT 2
18 U.S.C. § 1001
(False Statement)

On or about January 18, 2024, in relation to an investigation conducted within the Middle District of Pennsylvania, the defendant,

**MAX VANCE**
**a/k/a ANDRE J. BURK,**

did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, by stating and representing to special agents of the Federal Bureau of Investigation that he did not download any data that he was not authorized to download.

The statements and representations were false because, as the defendant then and there knew, he had downloaded more than one

2

million healthcare patient records after he was terminated from his employment, which he was not authorized to download.

In violation of Title 18, United States Code, Section 1001(a)(2).

THE GRAND JURY FURTHER CHARGES:

## COUNT 3
18 U.S.C. § 1001
(False Statement)

On or about January 18, 2024, in relation to an investigation conducted within the Middle District of Pennsylvania, the defendant,

### MAX VANCE
### a/k/a ANDRE J. BURK,

did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, by stating and representing to special agents of the Federal Bureau of Investigation that did not put any personal information on his own personal devices.

The statements and representations were false because, as the defendant then and there knew, he had transferred more than one

million healthcare patient records to his personal external hard drive after he was terminated from his employment.

In violation of Title 18, United States Code, Section 1001(a)(2).

## FORFEITURE ALLEGATION

The allegations contained in Counts 1 through 3 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a) and Title 18, United States Code, Section 1030(i).

Upon conviction of an offense in violation of Title 18, United States Code, Sections 1030(a)(2), the defendant,

**MAX VANCE**
**a/k/a ANDRE J. BURK,**

shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property real or personal, involved in such offense, or any property traceable to such property. The property to be forfeited includes, but is not limited to:

    a. A personal external drive (USB drive), Samsung model PSSD T7, Serial Number S6X9NS0T904211A.

4

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 982(a)(2)(B) and Title 18, United States Code, Section 1030(i).

A TRUE BILL

FOREPERSON

BRIAN D. MILLER
United States Attorney

KYLE A. MORENO
Assistant United States Attorney

February 3, 2026
Date

5