FILED
WILLIAMSPORT
FEB 12 2026
PER EA
DEPUTY CLERK

U.S. District Court
Middle District of Pennsylvania
U.S. v. Max Vance / Case Number 4:24-CR-00015

Reply brief in support of the Return of my Property pursuant to Rule 41(g)

## Procedural History

I submitted the motion found in doc 101 for the return of my property. I submitted the brief in support found in doc 104.

## Law

"A person aggrieved by an unlawful search and seizure of property OR by the deprivation of property may move for the property's return." I pointed out in doc 104 that a rule 41(g) motion must be filed in the federal district where the property was seized. In this case that district is the S.D. CA.

In (U.S. v. Unimex, 91-50230, 1993) it was determined that in the 9th circuit if the seizure of property is obstructing and interfering with a defendant's ability to retain counsel of

page 1 of 3

his choice and ~~[crossed out]~~ if this loss of access to seized property is interfering with the defendant's ability to fund his legal defense he is entitled to an evidentiary hearing.

"the district court of a district in which is filed a case laying venue in the wrong divison or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." (28 U.S.C. 1406(a).

## Contextual Review

As noted in the brief in support (doc. 104), I have been aggrieved by the seizure of my property. It is affecting my ability to prepare for trial, and the loss of my access to this property has restricted my ability to choose and retain legal counsel, due to the economic and financial consequences of the seizure of my property by federal agents.

My property has also been ~~[crossed out]~~ withheld from me, by federal agents, for over 700 days. The search warrants that were used to confiscate my property stipulate that my property not

page 2 of 3

be held for over 90 days.

There is 1(one) item that has been seized by agents that is listed on the indictment as being targeted for forfeiture. Just 1(one) item. Recently on 2-5-2026, U.S. attorney Moreno stated that they would be willing to release at least 50% of items that were seized in mid-January of 2024, however many items that were seized over 2 years ago are inexplicably missing from this list. There are many items not included on the items to be returned list, not just the single item that has been proposed for forfeiture.

There are multiple grounds for an evidentiary hearing in the S.D.CA to address this matter. A transfer is in the iterest of justice. If this Court decides to dismiss or deny the motion I will attempt to refile in the S.D.CA. I greatly appreciate that this issue, about the confiscation of my property, was raised during the 2-5-26 status conference.

Max Vance
Defendant