FILED
WILLIAMSPORT
FEB 27 2026
PER\_\_\_\_\_ NR
DEPUTY CLERK

U.S. District Court
Middle District of Pennsylvania
U.S. v. Max Vance / Case Number
4:24-CR-00015

Brief in Support of Motion for Reconsideration of Transfer for Trial pursuant to Rule 21

## Procedural History

On 11-26-2025 I filed a motion to transfer for Trial (doc 105). On 2-19-2026 a memorandum Opinion and court order was filed denying my motion to transfer for trial. This brief is in support of the motion for reconsideration.

## Introduction

The memorandum opinion (doc 157) that predicates the denial of my motion to transfer for trial (doc 105), is marked by omissions, mischaracterizations, and misquotations of matters of fact proffered in my brief in support of my motion to transfer for trial (doc 106) and the Reply brief (doc 141). In (doc 157) there are factors and standards of analysis that are improperly applied, and done so in a manner that is prejudicial to the defense

Page 1 of 5

## Law

"Motions for reconsiderations" should only be granted if the movant can show (1) an intervening change in the controlling law; (2) the availability of new evidence ...; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."

## I. Rule 21(a) Prejudice

1. In the memorandum opinion (doc 157) it is acknowledged that less than 700,000 potential jurors exist in central Pennsylvania where the trial is currently scheduled to be held. The fact that Geisinger has millions of patients in Central Pennsylvania is not mentioned in (doc 157). It is also not noted in (doc 157) that there are millions more people in Central Pennsylvania who have family members who are Geisinger patients. The number of people in Central Pennsylvania who are Geisinger patients or who have family members who are Geisinger patients outnumbers the number of potential jurors by millions, meaning virtually every potential juror is either a Geisinger patient or has a close association with a Geisinger

patient. This is noted as grounds for substantial bias in my brief in support (doc 106) and my Reply brief (doc 141). Connections to Geisinger, of the aforementioned type, have also been noted as grounds for bias by the Court and government counsel. ~~and the~~ This information which has been extensively briefed is notably absent from (doc 157).

2- In my brief in support I also discuss the psychological and economic factors that will create bias in a jury in the M.D.PA (doc.106, pages 17-22). None of this information is addressed in the memorandum (doc 157).

## II. Rule 21(b) Convenience

1. I proffered extensively about the vast system of financial exploitation that exists in county prisons in the M.D.PA, in my brief in support (doc. 106). Transferring the trial would greatly lower my expenses. This information is omitted from the 10 factor Platt analysis in the memorandum. There is also no mention of how the executive branch can less expensively detain

me in a federal facility, such as MCC San Diego due to fixed costs. (doc 141)

2- The cost of transporting me to the S.D.CA is largely fixed, because the U.S. Marshal's planes are already scheduled to fly. This was mentioned in my brief and 10 factor analysis (doc. 141). This missing in the memorandum.

3.- In (doc 157) page 9 it states "inhale toxins from others who smoke". This lack of specificity is prejudicial to the defense. In my Brief in support (doc 106) I clearly state that I am being exposed to and forced to inhale neurotoxins from second hand drug smoke. Overall, the 10th factor on page 9 is improperly analyzed and enumerated. Several of my health issues are missed and this section should be weighed heavily in favor of transfer, but in (doc 157) the 10th factor is not weighed at all. Health issues and other special elements are properly weighed for or against transfer in the 10th factor and that is not done

in (doc 157). These neurotoxins have caused me to sustain neurological injury.

4- On page 9 of (doc 157) it claims that "None of these issues justify a transfer." I disagree, however the correct standard to apply is the totality of all of these elements combined, not individually. ~~a balance should~~ "The defendant is not required to show truly compelling circumstances for change of venue, but rather that all relevant things considered, the case would be better off transferred to another district" case precedent.

Max Vance
Defendant

page 5 of 5