# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:24-CR-00015 |
| v. | (Chief Judge Brann) |
| MAX VANCE, | |
| Defendant. | |

## ORDER

### MARCH 5, 2026

Currently pending before the Court are Max Vance's motions to continue trial, to recuse, and for reconsideration of the denial of his motion to transfer venue.[1] This Court denied the motion for recusal orally at the change of plea hearing conducted on February 27, 2026, and that denial will be confirmed in this Order. Moreover, in light of Vance's change of plea to guilty, the motion to continue trial will be denied as moot.

Turning to Vance's motion for reconsideration, to properly support a motion for reconsideration, a movant must demonstrate "at least one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."[2] As to the third ground,

---

[1] Docs. 145, 161, 169.
[2] *In re Vehicle Carrier Servs. Antitrust Litig.*, 846 F.3d 71, 87 (3d Cir. 2017) (ellipsis and internal quotation marks omitted). *See United States v. Morris*, No. CV 17-1910, 2017 WL 4857460, at *1 (3d Cir. Aug. 17, 2017) (applying standard to criminal matters).

in reviewing for clear error, reconsideration is warranted only if the "[C]ourt is left with the definite and firm conviction that a mistake has been committed."[3] "Thus, [to warrant reconsideration, Vance] must show more than mere disagreement with the earlier ruling; [he] must show that the . . . Court committed a direct, obvious, or observable error, and one that is of at least some importance to the larger proceedings."[4]

Vance argues that this Court clearly erred in finding an absence of prejudice and in finding that the relevant convenience factors weighed against transfer.[5] As an initial matter, this issue appears to be moot, since Vance's motion is grounded in his purported inability to receive a fair trial within this District.[6] However, he has now entered a guilty plea in this matter and waived his right to a trial, meaning any potential prejudice from the jury pool, or convenience in preparing for and conducting trial, is irrelevant.[7]

Even considering his motion, the Court concludes that it is without merit. Vance reiterates issues raised in his original motion and argues that this Court did not give close enough consideration to those concerns, including: (1) that Geisinger

---

[3] *Prusky v. ReliaStar Life Ins. Co.*, 532 F.3d 252, 258 (3d Cir. 2008) (internal quotation marks omitted).
[4] *In re Energy Future Holdings Corp.*, 904 F.3d 298, 312 (3d Cir. 2018) (brackets, quotation marks, and citation omitted).
[5] Doc. 170.
[6] Docs. 106, 170.
[7] *See Clark v. Governor of New Jersey*, 53 F.4th 769, 775 (3d Cir. 2022) (noting that an issue is moot if a court is unable "to grant any effectual relief whatever to the prevailing party" (internal quotation marks omitted)).

2

has millions of patients in Pennsylvania which would limit the jury pool as many individuals were impacted by the data breach; (2) he is being financially exploited by the local county prisons; (3) transporting him to California would be relatively inexpensive; (4) he is being exposed to second hand drug smoke which has allegedly caused neurological injury; and (5) the totality of circumstances weigh in favor of transfer.[8]

These issues were raised in Vance's first motion, considered by the Court, and were rejected. First, although there are potentially many impacted individuals inside the Middle District of Pennsylvania, as the Supreme Court of the United States has noted, there is a reduced likelihood of prejudice when the jury pool is as large as that contained within this District;[9] given the number of hospitals here, it simply is not the case that every person within the District is a Geisinger patient. A fair and unbiased jury may therefore be selected here.

As to the second and forth issues raised by Vance, this Court observed that *pro se* individuals often face such conditions and overcome them to pursue litigation and, to the extent that Vance believes his conditions of confinement are unconstitutional, he should file a civil rights complaint.[10] As to his third point, while Vance argues (without evidence) that the costs of transporting him to California are

---

[8] Doc. 170.
[9] Doc. 157 at 6 (quoting *Skilling v. United States*, 561 U.S. 358, 382 (2010)).
[10] *Id.* at 9-10.

fixed,[11] he ignores this Court's concern with the other expenses associated with a transfer, such as the need to transport and house Government counsel, standby counsel, and the relevant witnesses.[12]

Vance fails to demonstrate that this Court clearly erred in holding that the circumstances of this case collectively demonstrated neither prejudice nor that transfer would be convenient. Accordingly, **IT IS HEREBY ORDERED** that:

1. Vance's motion to continue trial (Doc. 145) is **DENIED** as moot;

2. Vance's motion for recusal (Doc. 161) is **DENIED** for the reasons set forth orally during the change of plea hearing; and

3. Vance's motion for reconsideration (Doc. 169) is **DENIED**.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[11] Doc. 170 at 4.
[12] Doc. 157 at 8.