**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | No. 4:24-CR-00015 |
| v. | | (Chief Judge Brann) |
| MAX VANCE, | | |
| Defendant. | | |

## ORDER

**MAY 11, 2026**

Currently pending before the Court is Max Vance's motion to continue sentencing.[1] He asserts that a continuance is necessary because: (1) substantial restitution has been requested by the Government; (2) he is searching for an attorney to represent him at sentencing; (3) two or more cases before the United States Court of Appeals for the Third Circuit may impact sentencing; and (4) his incarceration has impeded his ability to conduct legal research and undertake other activities in preparation for sentencing.[2]

Vance's argument regarding restitution is moot, as the Government has stated that it will not seek restitution.[3] Vance's concerns with the impact of certain issues on his sentence and his ability to prepare for sentencing are likewise non-issues. The parties entered into a Federal Rule of Criminal Procedure 11(c)(1)(C) plea

---

[1]    Doc. 215.
[2]    Doc. 216.
[3]    *See* Doc. 214.

agreement with an agreed upon sentencing recommendation of time served.[4] This Court has informed the parties that it will accept that proposed sentence and will impose a time-served sentence.[5] Given this, any peripheral sentencing issues are nearly irrelevant, and do not constitute a good reason to delay sentencing.

Finally, Vance has standby counsel to assist him with sentencing. He has had months to find a new attorney if he wished, but has not. The mere fact that he is considering retaining counsel does not warrant a continuance at this point in the proceedings. Consequently, **IT IS HEREBY ORDERED** that Vance's motion to continue sentencing (Doc. 215) is **DENIED**.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[4]    Doc. 162.
[5]    Doc. 212.

2