FILED
WILLIAMSPORT
JUL 06 2026
PER
NR
DEPUTY CLERK

United States District Court
Middle District of Pennsylvania
U.S. v. Max Vance / Case Number
4:24-CR-00015

Brief in Support of Motion for Judicial
Review of Probation office's Denial of
my Travel Request or, in the alternative
, motion to allow Max Vance Travel to
the Southern District of California
from Approximately late July to late
August

## Introduction

I respectfully move this Court to review
the U.S. Probation office's decision to
deny my request to travel outside the Southern
District of Florida, and to deny my
request to travel outside of the Southern
District of Florida pursuant to an abitrarily
restrictive, onerous, and oppressive
rule stating that I can not travel
outside of the Southern District of
Florida for 60 days.

I am serving a term of supervised
release imposed by this Court. I
currently reside in Florida and I am
supervised by the U.S. Probation
office in the S.D. FL.

Page 1 of 5

Page 2 of ~~0~~ 5

My request to travel outside the district was denied. The Probation officer cited a rule ~~that~~ stating that all travel outside the S.D. FL is banned for the first 60 days under ~~S.D.FL~~ supervision in the S.D.FL.

I respectfully seek that the court order that ~~I~~ am exempt from this arbitrary ban on travel outside of the S.D. FL, and that these decisions be based solely on an individualized assessment. I am also requesting that this court grant my travel request to Southern California for the following reasons:

I have thousands of dollars of property in the state of California that I am at the risk of losing. If I do not promptly claim my property within the next 40 days, approximately, I am at a greatly increased risk of losing the property. Any arbitrary denial of my ability to travel conflicts with the ~~the~~ goal of supervised release.

I purchased thousands of dollars of medical services in Southern California. This was before 1/202~~4~~. I am at risk of losing those medical services. This is a time sensitive matter

Page 2 of ~~1~~ ~~0~~ 5

Page 3 of 5

It would be a substantial setback for me to lose thousands of dollars of property and to need to repurchase medical services that were prepaid.

Legal authority

Under 18 U.S.C. 3583(e)(2), this Court retains continuing authority to modify, reduce, enlarge, or clarify the conditions of supervised release after considering the applicable factors set forth in 18 U.S.C. 3553(a).

Congress has expressly provided in 18 U.S.C. 3583(d) that conditions of supervised release must:
- be reasonably related to the sentencing factors contained in 18 USC 3553(a)

- involve no greater deprivation of liberty than is reasonably necessary to accomplish the statutory purposes of supervised release
- be consistent with the applicable policy statements of the U.S. Sentencing Commission.

★ The Supreme Court has recognized that supervised release serves rehabilitative rather than punitive

page 3 of 5

page 4 of 5

~~that punity~~ purposes. In Johnson v. U.S. 529 US 694 709 (2000), the Court explained that supervised release "fulfills rehabilitative ends, distinct from those served by incarceration". Because supervised release is intended to facilitate successful reintegration into society, restrictions upon liberty should be individually tailored and reasonably related to the statutory objectives established by Congress. Although probation officers are responsible for supervising persons on supervised release and administering the Court's conditions, the authority to determine, interpret, or modify those conditions ultimately rests with the Court.

## Argument

I respectfully submit that the denial of travel for 60 days imposes a substantial restriction upon my liberty. Furthermore this arbitrary restriction directly conflicts with the statutorily stated goal of supervised release which is to facilitate integration into society. If I lose thousands of dollars of property due to an arbitrary rule that is needlessly onerous it will function

Page 5 of 5

as a significant hindrance to my ability to reintergrate into society, along with a loss in medical services.

Relief Requested/conclusion

I request that this ~~one~~ court exempt me from the arbitrary 60 day ban on out of district travel.

I also respectfully ~~request~~ request that travel to Southern California be Granted. These outcomes are necessitated when my individual situation and circumstances are factored into decisions about the allowance of Travel. This is Consistent with the purpose of supervised release.

Max Vance
Defendant

Page 5 of 5