UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

Max Vance

FILED
WILLIAMSPORT

JUL 24 2026

PER_____NR_____
DEPUTY CLERK

Criminal No. 4:24-CR-00015

BRIEF IN SUPPORT OF MY MOTION TO MODIFY CONDITIONS OF SUPERVISED
RELEASE to remove special condition requiring ongoing drug testing

I. Introduction

This case presents a straightforward question under the supervised release statutes.

I ask that the Court eliminate a condition requiring my participation in random drug testing as a special condition of release because that condition serves no rehabilitative or public safety purpose given my individual characteristics.

The Presentence Investigation Report demonstrates that I have no history of illegal drug use, substance abuse, or involvement with illegal drugs. The government's own sentencing record therefore establishes that I am an extraordinarily low-risk candidate for drug abuse or illegal drug use.

At the same time, the burdens imposed by random drug testing are substantial. I must continually monitor the Code-A-Phone system, remain available for testing, travel to testing locations on short notice, and lose many hours of productivity time. These burdens interfere with my successful re-integration into society.

Because federal law requires that supervised release conditions impose no greater deprivation of liberty than is reasonably necessary, the Court should modify my supervision by eliminating the ongoing drug testing requirement as a special condition of supervised release.

II. Legal Standard

A district court possesses continuing authority to modify conditions of supervised release.

18 U.S.C. § 3583(e)(2) provides that the Court may:

"...modify, reduce, or enlarge the conditions of supervised release..."

page 1 of 4

after considering the relevant sentencing factors contained in 18 U.S.C. Â§ 3553(a).

Additionally, supervised release conditions are governed by 18 U.S.C. Â§ 3583(d), which requires that any discretionary condition:

be reasonably related to the factors set forth in Â§3553(a);
involve no greater deprivation of liberty than is reasonably necessary to accomplish the purposes of sentencing; and
be consistent with applicable Sentencing Commission policy statements.

Congress intentionally rejected unnecessary restrictions on individuals serving supervised release.

III. Supervised Release Is Intended To Facilitate Reintegration Rather Than Punishment

The Supreme Court has emphasized that supervised release is designed to assist offenders in their transition back into the community rather than to impose additional punishment. See Mont v. United States, 587 U.S. (2019) (describing the goal of supervised release as improving "the odds of a successful transition from the prison to liberty," citing Johnson); United States v. Johnson, 529 U.S. 53, 59 (2000) ("Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration."); Tapia v. United States, 564 U.S. 319, 326 (2011) (holding a court may not take account of retribution â "the first purpose listed in Â§ 3553(a)(2)" â when imposing a term of supervised release, citing 18 U.S.C. Â§ 3583(c)); see also S. Rep. No. 98-225, at 124 (1983) (explaining the primary goal of supervised release is to ease transition into the community); 18 U.S.C. Â§ 3553(a)(2)(D) (incorporated by Â§ 3583(c)) (correctional treatment purpose).

Similarly, in United States v. Haymond, the Supreme Court reiterated that supervised release exists to facilitate a defendant's successful transition into community life while protecting the public.

These principles reflect Congress's intent that supervised release should promote rehabilitation rather than unnecessarily burden individuals who present minimal risk.

IV. My non-existent Drug History Makes Random and Ongoing Drug Testing Unnecessary

Section 3553(a)(1) directs courts to consider:

"the nature and circumstances of the offense and the history and characteristics of the defendant."

*Page 2 of 4*

I took the 3 drug tests under the mandatory conditions of supervised release. My history strongly weighs against continued participation in drug testing.

The Presentence Investigation Report documents no history of:

illegal drug use;
drug addiction;
substance abuse treatment;
failed drug tests; or
drug-related criminal conduct.

Consequently, I present an exceptionally low likelihood of future illegal drug use.

The drug testing condition therefore bears no relationship to my actual characteristics.

Instead, the condition functions largely as an administrative burden without a corresponding rehabilitative purpose.

V. The Burdens Imposed by Code-A-Phone Outweigh Any Marginal Benefit

The ongoing random drug testing system imposes recurring obligations that consume my time and interfere with re-integration into society.

These burdens include:

daily monitoring of the reporting system;
unexpected testing requirements;
travel to testing locations;
waiting for collection;
disruption of productivity, learning, and income generating schedules;
interference with family obligations; and
lost productivity.

For an individual with no documented history of substance abuse, these burdens provide no public safety benefit.

Rather than facilitating reintegration, the testing requirement can hinder stability unnecessarily.
Time unnecessarily diverted to random drug testing diminishes the goal of supervised release.

VI. The Drug Testing Condition Imposes a Greater Deprivation of Liberty Than Necessary

Section 3583(d)(2) requires that any discretionary condition involve no greater

page 3 of 4

deprivation of liberty than is reasonably necessary to serve those purposes.

That statutory language reflects Congress's intent that supervised release conditions be individually tailored.

Drug testing may be entirely appropriate for defendants with histories of substance abuse or other unlawful involvement with drugs.

But where the PSR establishes no history of drug use and no drug related conviction, the same condition becomes difficult to justify under the statutory requirement of individualized sentencing.

VII. The §3553(a) Factors Favor Modification

The relevant sentencing factors support eliminating the condition.

Nature and Characteristics

I have no history of substance abuse.

Adequate Deterrence

Random drug testing contributes little additional deterrence where there is no history suggesting future drug use.

Protection of the Public

Removing this condition does not increase risk to the public, it lowers risk to the public by making my re-integration into society smoother and more efficient.

Respectfully Submitted
MAX VANCE
Public Federal Defenders office
100 chestnut street
3rd floor
Harrisburg, pa 17101

Page 4 of 4